

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

February 15, 1963

Honorable Wm. L. Ferguson
County Attorney
Rusk County
Henderson, Texas

Opinion No. C- 20

Re: Whether Article 6.03, V.C.S.,
applies to motor vehicles
brought into this state by
residents of this state even
though the resident has
registered the motor vehi-
cle in the foreign state and
related questions.

Dear Sir:

You have requested an opinion from this department upon the following facts and questions which are copied from your letter:

"1.   Art. 6.03 levies a use tax upon all automobiles bought by residents of this state outside of the state and brought into the state. Does Art. 6.03 apply to automobiles brought into this state by residents of this state. even though the resident has registered the automobile in the foreign state?

"2.   Art. 6.04 places a Use tax of $15 on automobiles registered in this state brought into the state by 'new residents' of this state. Does the term 'new resident' mean a person who has never resided in Texas before or does it mean a resident who is a new resident at this time?

"3.   Would a soldier, student or transient worker who retains his residence in Texas and who brings an automobile into this state be subject to the tax imposed under Art. 6.03 or subject to the tax imposed under Art. 6.04?

"4.   Would the fact that the automobile was registered in the foreign state be suffi- cient evidence that the person was a 'new resident' and subject to Art. 6.04?

-82-

> "5.    Would the question in each case of
> whether a person is a resident of the
> state as in Art. 6.03 or a 'new resi-
> dent' of the state as in Art. 6.04 be
> a question to be determined by the Tax
> Assessor and Collector based on the
> actual facts and circumstances of that
> situation?"

Article 6.03, Title 122A, V.C.S., levies a use tax of 1-1/2 per cent of the total consideration paid or to be paid upon every motor vehicle purchased at retail sale outside of this state and brought into this state for use upon the public highways thereof by a resident of this state or by a person, firm or corporation domiciled or doing business in this state.

Question No. 1:  The fact that a resident of this state registers a motor vehicle in another state after purchasing it in the other state does not in any way change the law as to the application of the use tax; and if he is a resident of this state at the time the purchase is made of the motor vehicle in another state and he brings the motor vehicle into this state for use upon the public highways of this state, then he is liable for the use tax of 1-1/2 per cent of the total consideration paid for the vehicle.

Article 6.04 provides in part:

> "When a person makes application for the
> initial certificate of title in this State
> on a particular motor vehicle, he shall pay
> a use tax on that motor vehicle in the sum
> of Fifteen Dollars ($15).  . . . It is the
> purpose of this subsection to impose a use
> tax upon motor vehicles brought into this
> State by new residents of this State."

Question No. 2:  The term "new resident", in our opinion, does not necessarily mean a person who has never resided in the State of Texas before, but does mean that the person has been a nonresident of this state immediately prior to the time of bringing the motor vehicle into the state and has become or is becoming a new resident of this state at the time of bringing the motor vehicle into this state and is a new resident at the time such person makes application for the initial certificate of title in this state.

Question No. 3:  A soldier, student or transient worker who retains his residence in Texas and who brings an automobile

into this state is not a new resident of this state but has continued to be a resident of this state while temporarily out of the state; and if he purchases an automobile out of this state and brings it into the state for use upon the public highways, he is subject to the 1-1/2 per cent use tax as provided by Article 6.03.

Question No. 4: The fact that a motor vehicle was registered in the foreign state is not sufficient evidence that a person who registers it in the foreign state and then brings it into this state is a new resident of this state. The question of residence is a fact question; and if the person bringing the automobile into this state is a resident of this state at the time he purchases the motor vehicle in another state and brings it into this state for use upon the public highways, it is subject to the use tax of 1-1/2 per cent as provided by Article 6.03 regardless of whether or not it has been registered in another state.

Question No. 5: In each case it is a question of fact as to whether or not the person bringing the motor vehicle into this state is a new resident bringing the motor vehicle with him at the time he moves to this state and becomes a resident thereof or whether he was a resident of this state at the time of purchasing the motor vehicle in a foregin state. This question of fact must be determined in each case by the tax assessor and collector, so as to determine whether the use tax provided by Article 6.03 or the use tax provided by Article 6.04 shall apply.

We are enclosing herewith copies of opinions heretofore rendered by this department, to-wit, Opinion No. V-439 dated November 24, 1947, and V-1405 dated February 12, 1952, which support the above answers.

<u>S U M M A R Y</u>

Motor vehicles purchased outside of this state by residents of this state and brought into this state for use upon the public highways are subject to 1-1/2 per cent use tax provided by Article 6.03 and motor vehicles brought into this state by new residents of this state are subject to

the tax provided by Article 6.04 and the question of whether or not the person is a new resident is a fact question to be determined by the tax assessor and collector.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: J. H. Broadhurst
Assistant

JHB:pw

Enclosures

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
Arthur Sandlin
Jerry Brock
Allo Crow
V. F. Taylor

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone